IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Fox Joseph Salerno, | ) | No. CV-10-1668-PHX-ROS |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

On August 10, 2011, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending the petition for a writ of habeas corpus be denied. (Doc. 10). Petitioner filed timely objections to which Respondents filed a reply. For the following reasons, the R&R will be adopted and the petition denied.

**I. Factual Background**

Petitioner is presently confined by the Arizona Department of Corrections. In November 2007, Sergeant Hegwood transported Petitioner to a new housing unit. In doing so, Sergeant Hegwood allegedly refused to properly mark Petitioner's property leading to that property being lost. In January 2008, Petitioner wrote a letter to Sergeant Hegwood. According to that letter, Sergeant Hegwood was responsible for the loss of Petitioner's property. Petitioner valued the lost property at $93.60. The letter stated, in relevant part,

> Since you stole $93.60 from me, next month I am going to have a friend find your home address and go there to collect my money from you, your wife, or your children. This is <u>not</u> a threat nor is it a policy violation. My friends can collect debts owed to me. You can either pay them or get a restraining order against them.

(Doc. 8-1 at 66). Based on this letter, Sergeant Hegwood completed an information report and issued an inmate disciplinary report to Petitioner. That report charged Petitioner with "extorting." (Doc. 8-1 at 68). A disciplinary hearing was scheduled but was continued for four months at the request of the Disciplinary Coordinator. (Doc. 8-1 at 70). At the disciplinary hearing, Petitioner pled not guilty and both sides presented evidence. The disciplinary hearing officer concluded "it is more probably true than not that [Petitioner] committed the violation based on the [disciplinary report]." (Doc. 8-1 at 76). Petitioner was sentenced to ten days disciplinary detention, thirty days in Parole Class III, forty hours extra duty, thirty days loss of privileges, and was referred for reclassification. Petitioner appealed this decision but it was affirmed. (Doc. 8-1 at 78).

Petitioner eventually filed this habeas action, alleging the disciplinary hearing violated his due process rights because his letter to Sergeant Hegwood did "not meet the legal standard or [Arizona Department of Corrections] standard of extortion." (Doc. 1 at 6). Petitioner also alleged his due process rights had been violated by Respondents failing to complete the disciplinary process "within time periods." (Doc. 1 at 7). Petitioner believed Respondents "forged," "back dated," and lied when they requested the continuance of the disciplinary hearing. (*Id.*). The Petition for Writ of Habeas Corpus contains no indication that Plaintiff was pursuing a claim that disciplining him for his letter to Sergeant Hegwood violated his rights under the First Amendment.

Respondents' opposition to the petition argued Petitioner was "not entitled to due process protections in his disciplinary proceedings." (Doc. 8 at 7). Alternatively, Respondents argued Petitioner received all the process he was due. For purposes of the R&R, the Magistrate Judge assumed Petitioner was entitled to due process. The Magistrate Judge then concluded Petitioner had been "afforded the process that was due." (Doc. 17 at 5). In particular, the Magistrate Judge concluded the letter from Petitioner to Sergeant

Hegwood constituted "some evidence" supporting the finding that Petitioner had engaged in extortion. Moreover, there was nothing in the record establishing the delay in the disciplinary proceedings violated Petitioner's rights.

Petitioner filed timely objections to the R&R. In those objections, Petitioner argues his letter to Sergeant Hegwood, when viewed as a whole, did not qualify as extortion. Petitioner believed his letter was viewed as threatening only because he was a prisoner: "A business owner can say what [Petitioner] did to this guard, not a problem, but if a prisoner does, it is a threat?" (Doc. 18 at 2-3). Thus, Petitioner claims the R&R "criminalizes speech of prisoners which non-prisoners have." (Doc. 18 at 2). This violates Petitioner's "First Amend. speech rights." Petitioner did not present any objections regarding the portions of the R&R concluding the delay in the disciplinary proceedings was permissible.

## II. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the R&R, the district court's review of the part objected to is to be *de novo. Id.* If, however, no objections are filed, the district court need not conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, but not otherwise.") (internal quotations and citations omitted).

## III. Analysis

The only issue subject to the Court's *de novo* review is whether Petitioner was deprived of his due process rights when Respondents relied on his letter to Sergeant Hegwood to prove the extortion violation.[1] Assuming Petitioner was entitled to due process, Petitioner was provided all the process he was due.

---

[1] Petitioner did not object to the Magistrate Judge's conclusion that the delay in the disciplinary process did not violate his due process rights. Thus, the Court will adopt the portions of the R&R addressed to that issue.

To comply with due process, "the findings of a prison disciplinary board that result in the loss of a protected liberty interest must be supported by 'some evidence in the record.'" *Cato v. Rushen*, 824 F.2d 703, 704 (9th Cir. 1987) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). This standard is "minimally stringent" and a reviewing court cannot "make its own assessment of the credibility of witnesses or reweigh the evidence." *Id.* at 705. If there is "*any* evidence in the record that *could* support the conclusion reach by the disciplinary board," due process has been satisfied. *Id.*

Here, Petitioner believed Sergeant Hegwood mishandled his property. It is undisputed Petitioner sent a letter to Sergeant Hegwood stating Petitioner planned on sending "a friend" to Sergeant Hegwood's "home address . . . to collect [his] money" from either Sergeant Hegwood, his wife, or his children. Given the context of the communication (*i.e.*, prisoner to prison official), this statement could be interpreted as an attempt at "extorting." *See* Black's Law Dictionary 605 (7th ed. 1999) (defining extortion as "[t]he act or practice of obtaining something or compelling some action by illegal means, as by force or coercion"). Because the letter *could* be read as supporting Respondents' actions, Petitioner's due process rights were not violated.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 17) is **ADOPTED**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**. Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 26th day of September, 2011.

Roslyn O. Silver
Chief United States District Judge